FILED
2011 Nov-10 PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUDY NICHOLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:11-CV-003510-KOB** |
| **v.** | ) | |
| | ) | |
| **RITE AID CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO DISMISS AND**
**INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Rite Aid Corporation ("RAC") appears specially in this action for the limited purpose of moving the Court to dismiss Ms. Nichols' complaint for lack of personal jurisdiction. RAC does so without consenting to the jurisdiction of this Court.

## INTRODUCTION AND FACTS

The complaint is due to be dismissed because this is a classic example of a plaintiff suing the wrong corporate party. This case centers on a purchase Ms. Nichols made at a Vestavia Hills Rite Aid-affiliated store. Doc. 1 at ¶10. According to Ms. Nichols, that store changed the shelf tag price for Bumblebee Chunk Light Tuna to reflect an upcoming sale but did so the evening before the sale actually began. *Id.* at ¶¶ 8-11. Ms. Nichols alleges that she bought two cans of

that tuna that evening but claims she "did not receive the sales price when she checked out at the cash register." *Id.* at ¶ 11. On behalf of herself and a putative nationwide class, she claims this constitutes a "bait and switch" scheme actionable as fraud and as a violation of Alabama's Deceptive Trade Practices Act. *Id.* at ¶¶ 12, 16-27, 29-32.

RAC is a holding company incorporated under the laws of Delaware and headquartered in Pennsylvania. Affidavit of Matt Schroeder at ¶ 3 ("Schroeder Aff.," attached hereto as Exhibit A).[1] RAC has no place of business in Alabama, no employees here, no bank accounts or real property in Alabama, and itself conducts no business in the State of Alabama. *Id.* at ¶¶ 3, 5-12. The complaint does not contradict this: in fact, the complaint does not even allege that RAC has any contacts whatsoever with the State of Alabama or transacts business in the State of Alabama.

What the complaint does allege is that the Rite Aid-affiliated store in Vestavia Hills posted promotional sales prices the evening before the sale actually began. But that store is not owned or operated by RAC; it is owned by Harco, Inc. ("Harco"), which is a separate corporate entity. Schroeder Aff. at ¶ 13. Indeed, RAC does not own or operate any Rite Aid-affiliated stores in the State of

[1] A district court may, of course, consider affidavits in ruling on a motion to dismiss for lack of personal jurisdiction. *See, e.g., Bryant v. Rich*, 430 F.3d 1368, 1376 (11th Cir. 2008) (stating that "a judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction").

Alabama, nor does RAC participate in the daily management of those stores, or dictate to them how and when shelf prices should be changed to reflect upcoming promotional sales. *Id.* at ¶¶ 3-4. RAC's connection to Harco is through RAC's ownership of Harco's stock; in other words, it is a wholly-owned subsidiary of RAC. *Id.* at ¶ 13. As a mere holding company, RAC itself does not have sufficient contacts with the State of Alabama to allow the exercise of jurisdiction over it in this diversity action.

**DUE PROCESS PRECLUDES THIS COURT FROM EXERCISING PERSONAL JURISDICTION OVER RAC**

The Due Process clause precludes this Court from exercising personal jurisdiction over RAC. As an initial matter, Ms. Nichols bears the burden of proving the Court's personal jurisdiction over RAC. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). She has, however, utterly failed to set forth *any* allegations suggesting that RAC purposefully engaged in any contacts—let alone sufficient minimum contacts—with the State of Alabama that would support the exercise of personal jurisdiction.

Rule 4.2 of the Alabama Rules of Civil Procedure "extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions," and, in turn, Due Process precludes a court from exercising personal jurisdiction over a non-resident defendant who has not established sufficient "minimum contacts" with the forum state. *Elliott v. Van Kleef*, 830 So.

2d 726, 729-30 (Ala. 2002); *accord Goodyear Dunlop Tires Operations, S.A. v. Brown*, —U.S.—, 131 S. Ct. 2846, 2853 (2011). What is required to support the exercise of personal jurisdiction is that the non-resident defendant's contacts with Alabama be sufficient to prompt "fair warning" that it "should reasonably anticipate being haled into court [h]ere." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *accord PVC Windoors v. Babbitbay Beach Constr.*, 598 F.3d 802, 811 (11th Cir. 2010) ("A defendant has such 'fair warning' if he 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities.") (quotation omitted).

Depending on the quality and quantity of a non-resident defendant's in-forum contacts, personal jurisdiction may be general or specific. *Goodyear Dunlop Tires*, 131 S. Ct. at 2853-54.

> Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.

*Consol. Devel. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) (citations

and internal quotations omitted). As explained below, no grounds exist for exercising either specific or general jurisdiction over RAC in this case.

## I. THERE IS NO BASIS FOR EXERCISING SPECIFIC JURISDICTION

Specific jurisdiction arises out of a non-resident defendant's activities in the forum which are specifically related to the plaintiff's causes of action. *Id.* When specific jurisdiction is claimed as the basis for exercising personal jurisdiction, a clear, firm "nexus between the defendant and the forum state must arise out of an action of the defendant that was purposefully directed toward the forum [s]tate." *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings*, 866 So. 2d 519, 525 (Ala. 2003) (citations omitted). The "purposeful availment" requirement ensures "that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted).

The facts alleged in the complaint fail to allege any facts that would even suggest, let alone demonstrate, that RAC is subject to specific jurisdiction. Ms. Nichols' causes of action are based on the allegation that the Vestavia Hills store where she shops has a policy "to change the shelf tags on Saturday to reflect the sales price" even though "the weekly sales do not begin until Sunday." Doc. 1 at ¶ 7; *see also id*. at ¶¶ 23, 26, 30. RAC, however, does not itself own or operate this

store. Schroeder Aff. at ¶¶ 3-4, 13. RAC also does not manage the day-to-day operations of this store, or dictate to the store how and when shelf prices should be changed to reflect sales promotions. *Id.* In other words, RAC did not post the prices at issue, did not dictate how or when the prices should be posted, and does not even own or operate the store at which Ms. Nichols shopped.

RAC's only connection to the store is that the store is owned by Harco, whose stock is in turn ultimately owned by RAC. Schroeder Aff. at ¶ 13. It is beyond cavil that the mere fact that RAC owns the stock of Harco does not subject RAC to specific jurisdiction. *Consol. Dev.*, 216 F.3d at 1293 ("a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there") (*citing Portera v. Winn Dixie of Montg*., 996 F. Supp. 1418, 1423 (M.D. Ala. 1998).[2] Due Process requires Ms. Nichols to allege

[2] *See also Cannon Mfg. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925) ("Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employees a subsidiary corporation as the instrumentality for doing business therein."); *Epps v. Stewart Info. Servs. Corp*., 327 F.3d 642, 650 (8th Cir. 2003) ("the general rule is that a parent corporation that owns a subsidiary—even wholly owns a subsidiary—is not present in a state merely because the subsidiary is there"); *Harris Rutsky & Co. Ins. Servs, Inc., v. Bell & Clements*, 328 F.3d 1122, 1134 (9th Cir. 2003) ("It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes"); *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 773-74 (5th Cir. 1988) ("it is well-settled that where, as here, a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent"); *Melech v. Life Ins. Co. of N. Am*., No. 10-0573-KD-M, 2011 WL 1047716 (S.D. Ala. Mar. 1, 2011), report and recommendations adopted by, 2011 WL 995821 (S.D. Ala. Mar. 18, 2011) (dismissing out-of-state holding company defendants for lack of personal jurisdiction because jurisdiction could not be based on the activities of their subsidiaries); *Heinrich v. Serv. Corp. Int'l*, No. 09cv0524, 2009 WL 2177229, at *3 (W.D. Pa. July 22, 2009) ("A foreign corporation is not subject to a forum state's jurisdiction merely

and prove more than actions of RAC's subsidiaries in Alabama before rendering specific personal jurisdiction appropriate.

## II. THERE IS NO GENERAL JURISDICTION OVER RAC IN ALABAMA

Because RAC itself had no involvement in the plaintiff's transactions, the only potential basis for exercising personal jurisdiction over RAC would be through general jurisdiction. However, RAC itself again does not have, and has not had, a "continuous and systematic" presence in Alabama as necessary for general jurisdiction.

General personal jurisdiction arises from contacts "that are unrelated to the cause of action being litigated." *Consol. Dev.*, 216 F.3d at 1292. Compared to specific jurisdiction, Due Process requires a "more stringent . . . . showing of

---

because it owns stock in a subsidiary doing business within the state. Stated differently, a parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context") (quotations omitted); *Vogt v. Greenmarine Holding, LLC.*, No. 1:01-CV0311JOF, 2002 WL 534542, at *7 (N.D. Ga. Feb. 20, 2002) (in refusing to exercise personal jurisdiction over parent company, noting "holding companies are investment companies for the purpose of diversifying risk. As such, they do not conduct the same business as their subsidiaries and their relationship cannot be viewed as one of agency"); *Gerling Global Reins. Corp. N. Am. v. Nelson*, 123 F. Supp. 2d 1298, 1303 (N.D. Fla. 2000), *aff'd.*, 267 F.3d 1228 (11th Cir. 2001) ("The law is settled that a subsidiary's activities in a state do not, without more, subject its parent to jurisdiction there."); *MeterLogic v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1353-54 (S.D. Fla. 2000) ("The rule in this state is that the presence of a subsidiary corporation . . . within Florida is not enough to subject a nonresident parent corporation to the state's long arm jurisdiction"); *LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 864 (N.D. Ill. 2000) ("jurisdiction over a subsidiary is not sufficient to confer jurisdiction over the out-of-state parent") (quotation omitted). State law is in accord. *Ex parte Unitrin, Inc.*, 920 So. 2d 557, 561 (Ala. 2005) (in dismissing claims made against parent holding company for lack of personal jurisdiction, explaining that "[d]oing business through a wholly owned subsidiary does not, in and of itself, constitute doing business by the parent corporation").

continuous and systematic general business contacts between the defendant and the forum state." *Id.*; *accord Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200 (4th Cir. 1993) (concluding that "broad constructions of general jurisdiction should be generally disfavored"). Such contacts "must be pervasive in order to support the exercise of personal jurisdiction." *Assoc. Transp. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1075 (11th Cir. 1999). Indeed, "the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to [general jurisdiction.]" *Int'l Shoe v. State of Washington*, 326 U.S. 310, 317 (1945).

RAC has shown that it is a mere holding company incorporated in Delaware which has no contacts, much less any systematic and continuous general business contacts, with the State of Alabama. The evidence before the Court shows that RAC does no business in Alabama and maintains no systematic and continuous general business contacts within the state—operating no stores, owning no property, maintaining no offices, and employing no persons in the State of Alabama. Schroeder Aff. at ¶¶ 3-12. In short, there is no factual basis upon which this Court could conclude that RAC "may in fact be said already to be present" in Alabama in a manner sufficient to justify the exercise of general jurisdiction over it. *Wells Fargo & Co. v. Wells Fargo Express*, 556 F.2d 406, 413 (9th Cir. 1977).

## CONCLUSION

For at least the foregoing reasons, RAC respectfully requests that the Court dismiss Ms. Nichols' complaint for lack of personal jurisdiction over RAC.

*s/ Robert J. Campbell*

David G. Hymer
dhymer@babc.com
Michael R. Pennington
mpennington@babc.com
Robert J. Campbell
rjcampbell@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Alabama Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*Attorneys for Defendant*
*Rite Aid Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to the following counsel of record:

W. Taylor Stewart
wts70@donaldstewart.net
Dan C. King, III
dckiii@hotmail.com
Anna Louise Hart
ahart@stewartandstewart.net
STEWART & STEWART, P.C.
1823 3rd Ave. N.
Bessemer, Alabama 35020
Telephone: (205) 425-1166
Facsimile: (205) 425-5959

*s/ Robert J. Campbell*
OF COUNSEL