IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY NICHOLS, | ] |
| Plaintiff, | ] |
| v. | ] 2:11-CV-3510-KOB |
| RITE AID CORPORATION, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter comes before the court on defendant Rite Aid Corporation's ("RAC") Motion to Dismiss and Incorporated Memorandum of Law (doc. 9). This case arises from an alleged "bait and switch" scheme that Plaintiff Judy Nichols claims, on behalf of herself and a putative nationwide class, is a pattern and practice at Rite Aid stores. The complaint alleges that Rite Aid has a practice of changing shelf tags to reflect upcoming promotions hours before the store cash register recognizes the promotions. The complaint gives as an example Ms. Nichols's experience at a Ride Aid in Vestavia Hills, where she bought two cans of Bumblebee Tuna that were advertised as "buy one get one free" on the shelf tag but which rang up at full price at the register.

RAC moved to dismiss, arguing that the court lacks personal jurisdiction over RAC. In support of its motion, RAC submitted an affidavit from RAC's Treasurer, Matt Schroder, stating that RAC is a Delaware corporation with its headquarters in Pennsylvania, and has no place of business, employees, bank accounts or real property in Alabama. Mr. Schroeder's affidavit

1

explained that all Rite Aid stores are owned and operated by wholly-owned subsidiaries of RAC, that RAC does not manage the day-to-day operations of the stores, and that RAC does not dictate to individual stores when the shelf prices should be changed to reflect upcoming promotional sales. *See* Ex. 1 to Def. Mot. to Dismiss. The affidavit also stated that the Vestavia Hills Rite Aid is owned and operated by Harco, Inc., a wholly-owned subsidiary of RAC that it acquired in 1997. Relying on Mr. Schroeder's affidavit, RAC argues that the court lacks personal jurisdiction over it because Harco is a separate and independent entity from RAC. In support of its motion, RAC cites cases holding that a subsidiary's activities in a forum state cannot generally establish jurisdiction over an out-of-state parent. *See*, *e.g.*, *Consol. Dev. Corp. v. Sherritt*, 216 F.3d 1286, 1293 (11th Cir. 2000); *Ex parte Unitrin*, *Inc.*, 920 So. 2d 557, 561 (Ala. 2005).

Ms. Nichols responded to RAC's motion, although she did not controvert RAC's affidavits or attempt to prove that RAC exercised control over Harco to the degree that Harco was a mere instrumentality of RAC. Instead, she submitted "evidence," including Harco's annual report with the Alabama Secretary of State, that Harco shared an address with RAC. The court held a hearing on the motion on March 6, 2012, and for the reasons stated on the record and summarized below, finds that the motion to dismiss is due to be GRANTED.

Courts have recognized two categories for personal jurisdiction: specific jurisdiction, and general jurisdiction. *See Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2853 (2011). "Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation." *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir. 1990) (quoting *Helicopteros Nacionales de Colombia*, *N.A. v.*

*Hall*, 466 U.S. 408, 414 nn. 8 & 9 (1984)). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consol. Dev. Corp.*, 216 F.3d at 1292.

At the hearing, the court explained that it did not have specific jurisdiction over RAC because Ms. Nichols failed to prove, as was her burden, that RAC had such complete domination over Harco as to make Harco its alter-ego. *See Morris v. SSE*, *Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) ("[T]he plaintiff bears the burden of establishing a prima facie case of jurisdiction over [a] non-resident defendant."). The Eleventh Circuit has stated that where a "subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary." *See Consol. Dev. Corp.*, 216 F.3d at1293 (quoting *Portera v. Winn Dixie of Montgomery*, *Inc.*, 996 F. Supp. 1418, 1423 (M.D. Ala. 1998)).

In deciding whether a subsidiary has the requisite independence from the parent, district courts in Alabama have applied Alabama law to determine whether the subsidiary is an instrumentality of its parent, such that the parent should be subject to personal jurisdiction in the state. *See PSI Sales v. Thor Tech. Corp.*, 1996 U.S. Dist. LEXIS 20441, at *13 (S.D. Ala. Dec. 5 1996); *see also Strickland v. Champion Enters.*, 2007 U.S. Dist. LEXIS 46329, at *13–15 (M.D. Ala. June 26, 2007) (citing fourteen factors used by the Alabama Supreme Court and Eleventh Circuit to determine whether a subsidiary is under the domination and control of its parent, and stating that "specific jurisdiction hinges on piercing the corporate veil"). Because Ms. Nichols's

attempt to prove RAC had control over Harco fell fall short of the factors showing domination and control, which the court cited at the hearing, the court concluded that it does not have specific jurisdiction over the defendant.

The court also concluded that it did not have general jurisdiction over RAC. In arriving at this holding, the court explained its reliance on the recently decided *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846 (2011), where the Supreme Court directly addressed the issue of general jurisdiction. The court interprets *Goodyear*, a unanimous decision, as restricting general jurisdiction to forums where the defendant has a substantial physical presence—in other words, to forums "in which the corporation is fairly regarded as at home." *See Goodyear*, 131 S. Ct. at 2853–54. Thus, even were the court to assume that RAC sold its own generic drugs through Rite Aid stores in Alabama, it would nevertheless conclude that general jurisdiction was lacking because RAC has no physical presence—such as a corporate office, manufacturing facility, or even ownership of any stores— in Alabama.

Of course, Rite Aid's sale of generic drugs could be a possible basis for specific jurisdiction *if* Ms. Nichols's suit arose from the sale of those drugs, as with a products liability suit. *See Goodyear*, 131 S. Ct. at 2853 (explaining that specific jurisdiction could be asserted where a "corporation's in-state activity is 'continuous and systematic' and *that activity gave rise to the episode-in-suit*.") (emphasis in original). But because Ms. Nichols's claim arises from the store's alleged practice of changing the shelf tag before a sale, and because RAC explained by affidavit that Harco, and not RAC, managed the day-to-day operations of the store, Ms. Nichols has not alleged that RAC has any minimum contact with Alabama that relates to her claim.

Accordingly, for these reasons and those stated on the record, the court GRANTS RAC's

motion and DISMISSES this case WITH PREJUDICE for lack of personal jurisdiction. The court will simultaneously enter a final order to that effect.

    DONE and ORDERED this 8th day of March, 2012.

                                            /s/ Karon O. Bowdre
                                            KARON OWEN BOWDRE
                                            UNITED STATES DISTRICT JUDGE